**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DONALD HATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-253 |
| ) | |
| CSX TRANSPORTATION, INC.; ) | |
| EASTERN CORPORATION, a ) | DEMAND FOR JURY TRIAL |
| corporation; UNIVERSAL LINEN ) | |
| SERVICE, LLC, a corporation; and ) | |
| ANGELA PRIFOGLE, an individual, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. Parties, Jurisdiction and Venue

1. The plaintiff, Donald Hatton, is an individual citizen and resident of Burlington, Kentucky.

2. The defendant, CSX Transportation, Inc., is a Virginia corporation with its principal place of business in Jacksonville, Florida.

3. The defendant, Eastern Corporation, is an Indiana corporation whose principal place of business is in Connersville, Fayette County, Indiana. Eastern Corporation does business under the trade name of Hassler Textile Services.

4. The defendant, Universal Linen Service, LLC, is a foreign limited liability company whose principal place of business is in Louisville, Kentucky.

5. The defendant, Angela Prifogle, is an individual citizen and resident of Connersville, Fayette County, Indiana.

6. The incident which is the subject of this action occurred in or near Connersville,

Indiana.

7. The defendant, CSX Transportation, Inc., is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce. The defendant, CSX Transportation, Inc., conducts a significant portion of its railroad operations in the State of Indiana.

8. The plaintiff, at all times referred to herein, was an employee of the defendant and was acting within the line and scope of his employment for the defendant. The plaintiff's duties of employment for the defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

9. The plaintiff's claims against CSX Transportation, Inc. are brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C., §51, *et seq*. This court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

10. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the plaintiff's claims against Eastern Corporation; Universal Linen Service, LLC; and Angela Prifogle in that those claims are so related to the claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## II. Facts

11. On January 24, 2018, the plaintiff, Donald Hatton, was working as a conductor on a CSX Transportation, Inc. train traveling from Cincinnati, Ohio, to Indianapolis, Indiana.

12. When Mr. Hatton's train arrived in Connersville, Indiana, it was his duty and responsibility to leave, or "set off," 17 rail cars in Connersville. In order to accomplish this task, it was necessary for Mr. Hatton and his crew to "shove" the rail cars over a railroad grade crossing

on Eastern Avenue in Connersville. During a "shove" move, the locomotive engine pushes rail cars instead of pulling them.

13. Mr. Hatton positioned himself on the side ladder of the leading car on the shove move. From this position, he could relay instructions, by radio, to the engineer on the opposite end of the train. The train proceeded towards the railroad grade crossing at Eastern Avenue.

14. As his train approached the grade crossing, Mr. Hatton could see and confirmed that the active warning devices at the crossing - flashing red lights, bells, and a crossing gate - were activated. The lights were on. The gate came down. He and his train continued toward the crossing. When the lead car was almost to the crossing, the active warning devices suddenly stopped working. The lights turned off. The gate came up.

15. At the same time, Angela Prifogle was driving a truck on Eastern Avenue. Mr. Hatton saw Ms. Prifogle's truck approach the crossing. He got on his radio and started yelling to his engineer, "Stop! Stop! Stop!" Unfortunately, the train could not stop in time. He climbed up the ladder trying to get out of the way. He wasn't fast enough.

16. Ms. Prifogle's car struck the train and Mr. Hatton. He suffered severe and permanent injuries.

17. Prior to January 24, 2018, CSX Transportation, Inc. was aware of problems with the circuitry controlling the active warning signals at this grade crossing, but it failed to properly address the situation.

### III. First Cause of Action
### (CSX Transportation, Inc.)

18. The plaintiff avers that all of his above mentioned injuries and damages were proximately caused, in whole or in part, by the negligence of the defendant, CSX Transportation, Inc., its agents, servants, or employees while acting within the line and scope of their employment

for said defendant or by reason of a defect or insufficiency due to its negligence in its grade crossing signals, safety procedures, railroad signalization, and operating procedures at the time and place where he suffered his injuries and damages.

19. The plaintiff avers that the negligence of the defendant, CSX Transportation, Inc., includes, but is not limited to, the following specific acts of negligence:

    a. The defendant negligently failed to inspect the grade crossing system on Eastern Avenue;

    b. The defendant negligently failed to maintain the grade crossing warning system on Eastern Avenue;

    c. The defendant negligently failed to maintain the grade crossing warning system in accordance with the design of the warning system;

    d. The defendant negligently failed to maintain the grade crossing warning system so that it gave adequate notice to members of the automobile public of the approaching train;

    e. The defendant negligently failed to maintain the railroad grade crossing warning system in such a manner that it gave at least 20 seconds of warning time to automobile traffic prior to the train entering the grade crossing;

    f. The defendant negligently failed to properly warn and/or train its employees of the hazards presented by the improperly maintained grade crossing warning system; and,

    g. The defendant was otherwise negligent.

### IV.  Second Cause of Action
### (CSX Transportation, Inc.)

20. The plaintiff further avers that all of his injuries and damages were caused, in whole

or in part, by the negligent failure of the defendant, CSX Transportation, Inc., to use reasonable care to provide to the plaintiff a reasonably safe place for the plaintiff to perform his work and labor for said defendant.

### V.  Third Cause of Action
### (CSX Transportation, Inc.)

21. All the plaintiff's injuries and damages were caused, in whole or in part, by the violation by the defendant railroad of a safety act passed by congress, commonly referred to as the Federal Rail Safety Act, in that the defendant railroad failed to maintain the highway grade crossing warning system on Eastern Avenue in accordance with the design of the warning system, and in that the system failed to provide at least 20 seconds of warning time prior to the train occupying the grade crossing, in violation 49 C.F.R. § 234.225.

### VI.  Fourth Cause of Action
### (Angela Prifogle)

22. The plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the defendant, Angela Prifogle.

23. The plaintiff avers that the negligence of Angela Prifogle includes, but is not limited to, the following specific acts of negligence:

   a. The defendant negligently failed to keep a proper lookout for trains at a grade crossing;

   b. The defendant failed to yield the right of way to Mr. Hatton's train; and,

   c. She was otherwise negligent.

### V.  Fifth Cause of Action
### (Eastern Corporation)

24. On January 24, 2018, and all times referred to herein, Angela Prifogle was an employee of the defendant, Eastern Corporation, and was acting within the line and scope of her

employment for said defendant.  At the time, Eastern Corporation was doing business as Hassler Textile Services.

25.     The plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the defendant, Eastern Corporation, acting by and through its agent, servant, or employee, Angela Prifogle.

### VI.  Sixth Cause of Action
### (Universal Linen Service, LLC)

26.     On or about January 24, 2018, or shortly thereafter, the defendant, Universal Linen Service, LLC, purchased and acquired Eastern Corporation, doing business as Hassler Textile Services.  It is the information and belief of the plaintiff that Universal Linen Service, LLC assumed and became responsible for the debts and liabilities of Eastern Corporation, including its liability and responsibility for the injuries suffered by Mr. Hatton and caused by Angela Prifogle while operating within the line and scope of her employment for Eastern Corporation.

27.     Universal Linen Service, LLC's purchase and acquisition of Eastern Corporation was in fact a *de facto* merger.  Universal Linen Service, LLC was merely a continuation of the business known as Hassler Textile Services, including the utilization of the same equipment and employees.  Therefore, Universal Linen Service, LLC impliedly or expressly assumed the liabilities of Eastern Corporation doing business as Hassler Textile Services.

28.     The plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the defendant, Universal Linen Service, LLC, acting by and through Eastern Corporation and its agents, servants, or employees.

29.     The plaintiff avers that all of his injuries and damages were proximately caused by the negligence of the defendant, Universal Linen Service, LLC, acting by and through its agent and/or employee, Angela Prifogle.

## VII.  Damages

30. The plaintiff avers that as a result of his injuries he has suffered and seeks to recover the following injuries and damages:

    a. Past lost wages and permanent impairment of earning capacity;

    b. Past and future medical expenses;

    c. Past and future physical pain and mental anguish;

    d. Inability to carry out the usual and normal activities of life; and,

    e. Permanent physical disability.

31. Because of the severity of his injuries, the plaintiff seeks to recover compensation in excess of $500,000.00.

## VIII.  Jury Demand

32. The plaintiff demands trial by jury.

*s/ Richard D. Hailey*
Richard D. Hailey
Ramey & Hailey
P.O. Box 40849
Indianapolis, IN  46240
(317) 582-0000
rich@rameyandhailey.com

James H. Wettermark
Wettermark & Keith, LLC
3595 Grandview Parkway, Suite 350
Birmingham, AL 35243
205-933-9500
james@wkfirm.com