UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD HATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-253-JRS-MPB |
| | ) |
| CSX TRANSPORTATION, INC.; | ) |
| EASTERN CORPORATION, a | ) DEMAND FOR JURY TRIAL |
| corporation; UNIVERSAL LINEN | ) |
| SERVICE, LLC, a corporation; and | ) |
| ANGELA PRIFOGLE, an individual, | ) |
| | ) |
| Defendants. | ) |

## CSX TRANSPORTATION, INC'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS UNIVERSAL LINEN SERVICE, LLC

Defendant CSX Transportation, Inc. ("CSXT"), by counsel, files its Response to Plaintiff's Motion to Dismiss Universal Linen Service, LLC, and states as follows:

1. Plaintiff filed his Complaint for Damages against Defendant, Universal Linen Service, LLC (Universal) on January 23, 2020.

2. Plaintiff filed a motion to dismiss Universal as a party on April 15, 2020.

3. CSXT objects to Universal being dismissed as a party unless the Court permits CSXT to file an Amended Answer naming Universal as a non-party pursuant to I.C. § 34-51-2-16 within thirty (30) days of the entry of an order dismissing Universal as a party.

4. A dismissed party can be considered a nonparty under Indiana's Comparative Fault Act, and CSXT has preserved its right to assert this defense in the Seventh Defense of its Answer to Plaintiff's Complaint.  See Owens Corning Fiberglass Corp. v. Cobb, 754 N.E.2d 905,

914–15 (Ind. 2001) (settling defendants who are dismissed can be added nonparties); Bloemker v. Detroit Diesel Corp., 687 N.E.2d 358, 360 (Ind. 1997) ("In view of the timely objections [to dismissal] and requests to retain PTI as a nonparty, we find that Detroit Diesel and North Manchester have preserved their right to assert a nonparty defense as to PTI.  The trial court is authorized to permit the inclusion of PTI as a nonparty for purposes of the defendants' assertion of the nonparty defense."); Bowles v. Tatom, 546 N.E.2d 1188, 1190 (Ind. 1989) (defendant waived nonparty defense as to dismissed parties by failing to "object to the dismissals or otherwise assert any claim" that the dismissed parties "should remain for purposes of allocation of fault"); J.B. Hunt Transport, Inc. v. Guardianship of Zak, 58 N.E.3d 956, 967 (Ind. Ct. App. 2016) (to preserve non-party defense against co-defendant dismissed on summary judgment, defendant should have filed a motion or in "some way indicated" that the co-defendant remained for allocation of fault); Osterloo v. Wallar, 758 N.E.2d 59 (Ind. Ct. App. 2001) (reversing trial court's order denying defendant's motion to add dismissed party as a nonparty); Rausch v. Reinhold, 716 N.E.2d 993, 1002 (Ind. Ct. App. 1999) ("A dismissed party can be considered a nonparty as long as the nonparty defense is properly preserved prior to the dismissal."); Koziol v. Vojvoda, 662 N.E.2d 985, 989 (Ind. Ct. App. 1996) (". . . we have concluded that our legislature did not intend to mandate that named parties in comparative fault cases cannot revert to nonparty status after being dismissed following settlement"); accord Witte v. Mundy, 820 N.E.2d 128, 134 (Ind. 2005) ("[I]f a plaintiff is to be dismissed on her own motion, it is an abuse of discretion to deny leave to amend the answer to add her as a nonparty").

     5.     Pursuant to LR 7.1(d), Counsel for CSXT has conferred with Counsel for Plaintiff and counsel for Co-Defendants, neither of whom has objection to CSXT's request that CSXT be

permitted to amend its Answer to name Universal as a non-party herein if Universal is dismissed as a party.

WHEREFORE, CSX Transportation, Inc. respectfully requests that if the Court dismisses Universal Linen Service, LLC, that CSXT be granted leave to file an Amended Answer to Plaintiff's Complaint within thirty (30) days of Universal's dismissal to name Universal as a non-party pursuant to I.C. § 34-51-2-16.

    Respectfully submitted,

/s/ Sarah N. Dimmich
Sarah N. Dimmich (Atty. # 23756-06)
Miao I. Cheng (Atty. # 34539-53)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
E-Mail:  snd@stuartlaw.com
        mic@stuartlaw.com
Telephone: (765) 423-1561
Facsimile: (765) 742-8175

## **CERTIFICATE OF SERVICE**

  I certify that on the 24th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Parties may access this filing through the Court's system.

                /s/ Sarah N. Dimmich
                Sarah N. Dimmich

#1294378